IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CR-40096-SMY |
| | ) |
| | ) |
| CHAD A. JENKINS | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Chad A. Jenkins filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines and a request for assistance of counsel (Doc. 41). The Motion was referred to the Federal Public Defender's office and Assistant Federal Public Defender Todd Schultz entered his appeared on behalf of Defendant (Doc. 42). Mr. Schultz has now moved to withdraw claiming that Defendant is ineligible for a sentence reduction under Amendment 782 because the guidelines have already been applied to his sentence (Doc. 43). Defendant was given thirty days to respond to counsel's Motion by this Court's Order to Show Cause (Doc. 44). Defendant did not respond.

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified the Drug Quantity Table in § 2D1.1 of the

Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses. In this case, Defendant was sentenced on August 4, 2015. At Defendant's sentencing, the Court utilized the 2014 Guidelines Manual, which incorporated Amendment 782, to determine his offense level. Therefore, Amendment 782 has already been applied to Defendant's sentence and he is ineligible for an additional sentence reduction under the Amendment.

Having carefully reviewed the issues, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant is not eligible for the requested relief. For these reasons, Mr. Schultz's Motion to Withdraw (Doc. 43) is **GRANTED**. Defendant's Motion for a Sentence Reduction (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**